**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 03-4289

THOMAS RAY WHITE, a/k/a Wimpy,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-02-244)

Submitted: August 22, 2003

Decided: September 12, 2003

Before MICHAEL and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

John H. Tinney, Jr., James K. Tinney, THE TINNEY LAW FIRM,
P.L.L.C., Charleston, West Virginia, for Appellant. Kasey Warner,
United States Attorney, L. Anna Crawford, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Following a jury trial, Thomas Ray "Wimpy" White was convicted on one count of conspiracy to commit arson, in violation of 18 U.S.C. § 844(n) (2000), and one count of aiding and abetting arson, in violation of 18 U.S.C. §§ 844(i), 2 (2000). The district court sentenced White to seventy-eight months in prison. White appeals, raising three grounds of error. Finding no merit to his claims, we affirm.

First, White claims that the district court erred by denying his motion to dismiss Count 2 of the indictment, pertaining to arson of a trailer. However, as the district court subsequently granted White's Fed. R. Crim. P. 29 motion for judgment of acquittal as to Count 2 and directed that any reference to Count 2 in the indictment be stricken, no further relief is available to him.

Next, White asserts that the district court erred by denying his motion for a new trial following the jury's guilty verdict on the remaining counts of the indictment. White contends that the testimony and evidence concerning the arson of the trailer, for which he was granted a judgment of acquittal at the close of the government's evidence, was unduly prejudicial as to the counts for which the jury ultimately convicted him.

Rule 33 of the Federal Rules of Criminal Procedure permits a district court to grant a defendant's motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. A district court "'should exercise its discretion to grant a new trial sparingly,' and . . . should do so 'only when the evidence weighs heavily against the verdict.'" *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (quoting *United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997) (internal quotation marks omitted)).

Here, Elsie Keffer, White's live-in girlfriend and the mother of his children, testified that she heard White and his cousin plan to burn the funeral home in revenge for what they perceived as the mishandling of the remains of a recently deceased relative by the funeral home. Keffer stated that she watched as White siphoned gasoline out of a lawnmower and the cousins used the gasoline to set fire to the steps of the funeral home. White's neighbor testified that White expressed dismay at the condition of his deceased relative and remarked that the funeral home could have done a better job. In light of the eyewitness testimony of White's participation in the arson and the supporting testimony concerning White's motive to commit the arson, we find that the district court did not abuse its discretion by denying the motion for a new trial.

Finally, White contends that the district court erred in applying a two-level adjustment for obstruction of justice based on perjured testimony. *See U.S. Sentencing Guidelines Manual* § 3C1.1 (2002). To establish the obstruction of justice enhancement based on perjury, the sentencing court must find by a preponderance of the evidence that the defendant gave false testimony concerning a material matter, with a willful intent to deceive, rather than as a result of confusion, mistake, or faulty memory. *United States v. Sun*, 278 F.3d 302, 314 (4th Cir. 2002). We find no clear error in the district court's conclusion that White perjured himself by denying involvement in, and faulty memory concerning, the arson of the funeral home.

For these reasons, we affirm White's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*